IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
FEB 0 5 2007
ROBERT D. DENNIS, CLERK
DIST. COURT, WESTERN DIST. OF OKL
BY _____, DEPUTY

DOCKETED

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* [UNDER SEAL], <br><br>    Plaintiff <br><br> vs. <br><br> [UNDER SEAL], <br><br>    Defendants | § <br> § <br> § No. CIV-07-0139-W <br> § <br> § FILED IN CAMERA AND UNDER SEAL <br> § (31 USC §3750(b)(2)&(3)) <br> § <br> § <br> § <br> § |

## COMPLAINT
## PURSUANT TO §31 U.S.C. §3730, *et seq.*

**HAYES & HOLLINGSWORTH, P.C.**
Gaylon C. Hayes
OK Bar No. 14492
6805 South Western, Suite 500
Oklahoma City, Oklahoma 73139
Tel: (405) 616-5045
Fax: (405) 616-5062

**FOSHEE & YAFFE**
D. Eliot Yaffe
OK Bar No. 19723
PO Box 890420
OKC, OK 73189
Telephone; 405-615-1376
Facsimile: 405-632-3036

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel, MARILYN WILLIAMS, ) <br>   ) <br> Plaintiff/Relator, ) <br>   ) <br> vs.   ) <br>   ) <br> 1) CITY OF ELK CITY; ) <br> 2) GUY R. HYLTON, JR.; ) <br> 3) TERESA MULLICAN; ) <br> 4) SUZANNE HYTON. ) <br>   ) <br> Defendants. ) | No. <br><br> FILED IN CAMERA AND UNDER SEAL <br> (31 USC §3750(b)(2)&(3)) |

## COMPLAINT
## PURSUANT TO §31 U.S.C. §3730, *et seq.*

**COMES NOW** the Plaintiff, Marilyn Williams, individually and on behalf of the United States of America, and for her Complaint Pursuant to 31 U.S.C. §3729 *et seq.*, and states as follows:

### PARTIES

1. The Plaintiff is an individual residing in Elk City, Beckham County, Oklahoma. The Plaintiff brings her action against the Defendant City of Elk City, Guy R. Hylton, Jr., Teresa Mullican, and Suzanne Hyton for violations of 31 U.S.C. § 3729, et seq., for herself and for the United States of America, pursuant to the authority granted by 31 U.S.C. § 3730.

2. The City of Elk City is an Oklahoma incorporated City in Beckham County, Oklahoma whose service agent is the City Clerk, 120 S Jefferson, Elk City, OK 73644.

3. Defendant Guy R. Hylton, Jr. and Suzanne Hylton are man and wife and live in Elk City, Oklahoma in Beckham County. Guy R. Hylton, Jr. is the City Manager of Elk City and Teresa Mullican is a resident and the Mayor of Elk City, Oklahoma.

1

## FILING UNDER SEAL

4. In accordance with 31 U.S.C. § 3730(b)(2), this complaint is filed in camera and will remain under seal and not be served on the Defendant until the Court so orders. Furthermore, a copy of the complaint, along with required documents has been served on the U.S. pursuant to 31 U.S.C. § 3730(b)(2) and Rule (4)(i), Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1345 and 31 U.S.C. §§ 3730 and 3732. This action arises out of violation of 31 U.S.C. § 3729 and common law by the Defendant, and certain of the acts proscribed by 31 U.S.C. § 3729 and common law on which this action is based, occurred in the Western District of Oklahoma. In addition, the Defendant transacts and has transacted business in the Western District of Oklahoma within the meaning of 31 U.S.C. § 3722(a).

6. Venue is proper in this jurisdictional district pursuant to 28 U.S.C. §§ 1391 and 1395.

## PLAINTIFF'S DIRECT AND INDEPENDENT KNOWLEDGE AND VOLUNTARY DISCLOSURE OF THE DEFENDANT'S FRAUDULENT CONDUCT TO THE UNITED STATES

7. The Plaintiff was an employee of the Defendant, The City of Elk City, and was an assistant to Defendant, Guy R. Hylton, Jr. She gained direct and independent knowledge of the fraudulent practices used by the Defendants while she was employed by the Defendant as a manager for them from June of 2001 to December 2005.

8. The Plaintiff personally and through her counsel voluntarily provided her personal knowledge of the Defendant's fraudulent practices to the United States before filing this action.

9. The Defendants have applied for and received various grants from Federal and Federally funded programs in which the Defendants have failed and refused to perform under the

certification, terms and conditions of said grants. The Defendants have diverted the grant funds to the general fund and paid themselves bonuses from the surplus funds in the general funds created by the diversion of grant funds. The Defendants have conspired to implement this fraudulent scheme.

10. The Plaintiff became aware of the Defendant's conduct through her employment.

11. The Defendant Guy R. Hylton, Jr. ordered the Plaintiff to certify that the City of Elk City was in compliance with grant conditions, when Guy R. Hylton and the Plaintiff knew they were not. The Plaintiff refused and as a direct result of the Plaintiff calling attention to the problem the Plaintiff was fired from her job.

## INSTITUTION OF MUSEUM AND LIBRARY SERVICES

12. The Federal grants include but are not limited to Museum and Library Services (IMLS) National Endowment for the Arts of the USDA Rural Development.

## ANCILLARY STATE CLAIMS

13. This Court has supplemented jurisdiction, pursuant to 28 U.S.C. §1367, over the Plaintiff's ancillary state claims arising out of her employment and discharge with the Defendant, City of Elk City. Said claims are as follows:

## WRONGFUL DISCHARGE IN VIOLATION OF OKLAHOMA PUBLIC POLICY

14. For her First Cause of Action against Defendant City of Elk City, Plaintiff incorporates the preceding paragraphs and states as follows:

15. The Plaintiff was terminated from her position at The City of Elk City as a result of uncovering and reporting the Defendant's fraudulent conduct.

16. Further, the Defendant created a hostile work environment for the Plaintiff after her reporting of the fraud.

17. The Plaintiff's discharge by Defendant violates clear Oklahoma public policy, which protects employees who report false claims they uncover in the course of their employment.

18. The acts and omissions by Defendants has given rise to a claim for equitable damages by Plaintiff, said damages consisting of back pay, front pay, lost employment benefits, prejudgment interest, attorney fees, and costs.

19. The acts and/or omissions by Defendant has given rise to a claim for compensatory damages, said damages consisting of emotional distress, loss of enjoyment of life, loss of self-esteem, loss of earning capacity, loss of reputation, embarrassment, humiliation, inconvenience and mental anguish.

20. The acts and/or omissions of Defendant were willful, wanton, malicious and/or in total disregard for the Plaintiff's rights, giving rise to punitive damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. For the Plaintiff's Second Cause of Action against Defendants, The City of Elk City, incorporates the preceding paragraphs and states as follows:

22. The Defendant, City of Elk City, intentionally engaged in outrageous conduct against the Plaintiff by its publicly ridiculing the Plaintiff.

23. The Defendant, City of Elk City, knew or should have known that such conduct would cause the Plaintiff emotional distress.

24. The Defendant, City of Elk City's conduct was extreme and outrageous, and goes beyond all possible bounds of decency in a civilized community.

25. As a result of the Defendant, City of Elk City's intentional, willful, malicious and reckless conduct, the Plaintiff suffered severe emotional distress.

## THE UNITED STATES HAS BEEN DAMAGED

26. As early as 1999, the Defendants have profited and the United States has been damaged by the practices the Defendant. The Defendant caused false claims to be made to various grant programs for payment and reimbursement and to made, used, or cause to be made or used false records or statements to enable false claims allowed or paid by federal programs.

### COUNT I

### Federal False Claims Act 31 U.S.C. § 3729(a)(1).

27. The Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint. This is a claim for triple damages, civil penalties, cost and attorney fees under the Federal False Claims Act, 31 U.S.C. §§ 3729, et seq. as amended. By means of the acts prescribed above, the Defendant knowingly presented or caused to be presented false or fraudulent claims for payment to the United States. The United States, unaware of the falsity of the claims made by the Defendant and in reliance upon the accuracy thereof, paid false claims that would otherwise would not have been allowed. By reason of this payment, the United States has been damaged, and continues to be damaged in a substantial amount.

### COUNT II

### Federal False Claims Act U.S.C. § 3729(a)(2)

28. Plaintiff realleges and reincorporates by reference to the allegations contained in paragraphs 1 through 27 of this Complaint. This is a claim for triple damages, civil penalties and attorney fees under the Federal False Claims Act, 31 U.S.C. §§ 3729, et seq. as amended. By means of the acts described above, the Defendant knowingly made, used or caused to be made or used false records or statements to get false or fraudulent claims paid by the United States. The United States unaware of the falsify of the records or statements made by the Defendant, and in reliance on the accuracy thereof, paid claims that would otherwise not be allowed. By reason of

this payment, the United States has been damaged, continues to be damaged, in a substantial amount.

## COUNT III

### Federal False Claims Act U.S.C. § 3729(a)(3)

29. Plaintiff realleges and reincorporates by reference to the allegations contained in paragraphs 1 through 28 of this Complaint. This is a claim for triple damages, civil penalties and attorney fees under the Federal False Claims Act, 31 U.S.C. §§ 3729, et seq. as amended. By means of the acts described above the Defendant and certain of its employees/agents, as well as individuals and other unknown co-conspirators, conspired to defraud the United States by getting false or fraudulent claims allowed or paid. The United States, unaware of the falsified records, statements or claims, paid for claims that would other wise not have been allowed. By reason of these payments, the United States has been damaged and continues to be damaged in a substantial amount.

## COUNT IV

### Claim by the United States or Unjust Enrichment

30. This is a common law claim by the United states for unjust enrichment. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. By submitting claims for payment for residence services which was provided to federal health program beneficiaries and to federal employee health benefits program beneficiaries without having provided said services for the beneficiaries, the defendant received certain Government funds to which it was not entitled.

33. As a result of the acts set forth in this count, the defendant was unjustly enriched at the expense of the United states, under circumstances dictating that, in equity and good conscience, the money should be returned to the United States.

## COUNT V

### Claim by the United States for Unjust Enrichment

34. This is a common law claim by the United States for unjust enrichment. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. By submitting claims for payment which were for services provided by unqualified and under qualified supportive personnel the defendant received certain Government funds to which it was not entitled.

37. As a result of the acts set forth in this count, the defendant was unjustly enriched at the expense of the United States, under circumstances dictating that, in equity and good conscience, the money should be returned to the United States.

## COUNT VI

### Claim by the United States for Unjust Enrichment

38. This is a common law claim by the United States for unjust enrichment. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. By submitting claims for payment for services not provided, the defendant received certain Government funds to which it was not entitled.

41. As a result of the acts set forth in this count, the defendant was unjustly enriched at the expense of the United States, under circumstances dictating that, in equity and good conscience, the money should be returned to the United States.

## COUNT VII

### Claim by the United States for Unjust Enrichment

42. This is a common law claim by the United States for payment by mistake. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. By submitting claims for payment for resident services which was provided to federal health program beneficiaries and to federal employee health benefits program beneficiaries without having obtained a falsified certification for care of the beneficiaries, the defendant caused the United States to pay the defendant certain Government funds to which it was not entitled.

## COUNT VIII

### Claim by the United States for Payment By Mistake

45. This is a common law claim by the United States for payment by mistake. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. By submitting claims for payment which were for services provided under falsified certifications, the defendant caused the United States to pay the defendant certain Government funds to which it was not entitled.

48. At the time the United States made such payments, the United States was unaware of the defendant's conduct described in this Count. The United States erroneous belief was material to making the payments at issue. Had the United States known of the conduct at issue, it would not have made the payments it did.

49. As a result of the acts set forth in this Count, the United States has been damaged in an amount to be determined at trial, and is entitled to recover these monies which were paid to the defendant by mistake.

## IX

### False Claims Act, 31 USC §3730(h)

50. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 49 of the Complaint.

51. The Plaintiff is entitled to relief in the form of two (2) times his backpay, interest, compensation for special damages, punitive damages including litigation cost and reasonable attorney fees, pursuant to 31 USC §3730(h).

52. Because she was terminated from her employment with the Defendant because of her lawful acts of initiating, investigating, and reporting the misconduct of the Defendant to employees of the State Regulatory Agency.

### COUNT X

53. The Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 though 52 of this Complaint.

54. This is a claim to recover damages based on Oklahoma State Law for wrongful discharge by the Defendant, City of Elk City.

### COUNT XI

55. The Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 though 54 of this Complaint.

56. This is a claim to recover damages based on Oklahoma State Law for intentional infliction of emotional distress against the Defendants, City of Elk City and Guy R. Hylton, Jr.

WHEREFORE, the United States requests that judgment be entered in its favor and against defendants as follows:

On Count I (Claim under the False Claims Act), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count II (Claim under the False Claims Act), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count III (Claim under the False Claims Act), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count IV (Claim by the United States for Unjust Enrichment), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count V (Claim by the United States for Unjust Enrichment), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count VI (Claim by the United States for Unjust Enrichment), against the defendants, jointly and severally, for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On Count VII (Claim by the United States for Unjust Enrichment), against the defendants, jointly and severally, for monies owed to the United States, plus interest, and fees

and costs, including the cost of investigation, as provided by law, disgorgement, and any other relief that this Court deems appropriate.

On <u>Count VIII</u> (Claim by the United States for Payment by Mistake), against the defendants, jointly and severally, for monies owed to the United States, plus interest, and fees and costs, including the cost of investigation, as provided by law, disgorgement, and any other relief that this Court deems appropriate.

On <u>Count IX</u> (Claim under the False Claims Act), jointly and severally, for monies owed to the United States, plus interest, and fees and costs, including the cost of investigation, as provided by law, disgorgement, and any other relief that this Court deems appropriate.

On <u>Count X</u>  Plaintiff's agents state a claim against the Defendant, City of Elk City for wrongful discharge and for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

On <u>Count XI</u> Plaintiff's agents state a claim against the Defendants, City of Elk City and Guy R. Hylton, Jr., for intentional infliction of emotional distress and for damages, penalties, and fees and costs, as provided by law, and any other relief that this Court deems appropriate.

*The Plaintiff further prays that she be awarded an appropriate percentage of the amount of the recovery by and for the United States as a result of this action in accordance with 31 U.S.C. §3730(d).*

### Request for Trial By Jury

Pursuant to Rule 38 of the federal Rules of civil Procedure, the plaintiff hereby demands trial by jury.

11

Respectfully Submitted,

HAYES & HOLLINGSWORTH, P.C.

_____
GAYLON C. HAYES, OBA #14492
6805 South Western Ave., Suite 500
Oklahoma City, OK 73139
Telephone: 405/616-5045
Facsimile: 405/616-5062

FOSHEE & YAFFE
D. Eliot Yaffe, #19723
PO Box 890420
OKC, OK 73189
Telephone; 405-615-1376
Facsimile: 405-632-3036

ATTORNEYS FOR RELATOR

## CERTIFICATE OF MAILING

This is to certify that a true and correct copy of the above and foregoing Motion for Default Judgment has been mailed on the _____ day of _____, 2007, postage prepaid thereon, to the following:

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

_____
GAYLON C. HAYES

## CERTIFICATE OF HAND DELIVERY

This is to certify that a true and correct copy of the above and foregoing instrument has been hand delivered on the _____ day of _____, 2007, postage prepaid thereon, to the following:

John C. Richter
U.S. Attorney for Western District of Oklahoma
210 West Park Ave., Suite 400
Oklahoma City, Oklahoma 73102

_____
GAYLON C. HAYES

12